IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV27-MU-02

| | |
|---|---|
| RICHARD AARON BLANKENSHIP, )<br>    Petitioner, )<br>)<br>    v. )<br>)<br>R. DAVID MITCHELL, Supt., )<br>  Mountainview Correctional )<br>  Institution, )<br>    Respondent. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . " (document # 1), filed March 13, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

According to the Petition and exhibits filed therewith, on June 29, 2006, Petitioner pled guilty to the possession of stolen goods (North Carolina 06CRS968). On that occasion, the Superior Court of Caldwell County sentenced Petitioner to a term of 13 to 16

months imprisonment. Then, on September 4, 2007, Petitioner pled guilty to assault with a deadly weapon with intent to kill (North Carolina 05CRS52306). That time, the Superior Court of Caldwell County sentenced Petitioner to a term of 57 to 78 months imprisonment.

Petitioner did not directly appeal either of his cases. Rather, the attachments to his Petition reflect that after a delay of more than two years, on August 27, 2008, Petitioner initiated the collateral review process by filing an MAR challenging only his 2006 conviction for possession of stolen goods. Indeed, the Order by which that MAR was denied references only the 2006 stolen goods conviction; and in the instant Petition, Petitioner reports that his MAR alleged only the trial court lacked jurisdiction to convict and sentence him as a felon in his 2006 conviction for possession of stolen goods. In any case, Petitioner's certiorari petitions also were denied by both the North Carolina Court of Appeals and the Supreme Court of North Carolina, with Petitioner's pursuit of collateral review reportedly concluding with the final denial on February 13, 2009.

Petitioner now has filed the instant federal § 2254 Petition again alleging that the trial court lacked subject matter jurisdiction to convict and sentence him of felonious possession of stolen goods when his indictment failed to allege that the value of the subject property met the $1,000 threshold amount.

Nevertheless, this Court has determined that the instant Habeas Petition must be summarily dismissed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

pending shall not be counted toward any period of limitation under this subsection.

In the instant case, as the Court has noted, Petitioner was convicted of two offenses in two separate cases; however, the instant federal Petition relates only to his conviction for possession of stolen goods. As to that conviction, the record reflects that Petitioner was convicted on June 29, 2006; and that he did not directly appeal that matter. Consequently, Petitioner's conviction became final no later than July 13, 2006. Ultimately, then, in the absence of any intervening circumstances, Petitioner had up to and including July 13, 2007, in which to file the instant § 2254 Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, Petitioner did not file this Petition by that July 2007 deadline.

Additionally, while it has not escaped the Court's attention that Petitioner did seek post-conviction review in the State court system, that fact is of little consequence here. To be sure, Petitioner did not initiate pursuit of that collateral review until August 2008, which was more than two years after his June 2006

4

conviction became final. Thus, by the time Petitioner filed that MAR, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

Having allowed more than 25 months to elapse between the time his conviction became final and the date he began his pursuit of federal relief, Petitioner was in the position to know that this Petition might be construed as time-barred.[1] Indeed, question 18

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner was given the opportunity to address the timeliness of his Petition but failed to do so, this Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." However, Petitioner ignored that question and did not offer any explanation.

Moreover, while the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), Petitioner also has not articulated any such rare circumstances for equitable tolling. Indeed, the Court finds that equitable tolling would be particularly inappropriate here, where Petitioner inexplicably allowed the one-year limitations period completely or nearly completely to expire before he made any effort to exercise his collateral rights in State Court. While Petitioner was entitled to delay his proceedings in that way, he did so at his own peril, and so must fully bear the consequences of such an unwise decision.

The Court also is aware of the Fourth Circuit's recent decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Court specifically limited its holding to the facts of that case and concluded that this Court's sua

sponte dismissal of a § 2254 Petition was premature; however, this case is distinguishable from <u>Bilal</u>. In <u>Bilal</u>, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner totally ignored the question and gave no explanation for his delay. Moreover, unlike <u>Bilal</u>, this case does not involve a mere 30-day delay, rather it involves a delay of more than two years from the time that Petitioner was convicted until the date on which he filed his MAR. As such, this Court finds <u>Bilal</u> inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

### III.  <u>CONCLUSION</u>

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be <u>dismissed</u>.

### IV.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Petition for a Writ of <u>Habeas</u> **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: March 23, 2009

Graham C. Mullen
United States District Judge

7