IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV27-MU-02

RICHARD AARON BLANKENSHIP,  )
    Petitioner,            )
                             )
       v.                    )         <u>ORDER</u>
                             )
R. DAVID MITCHELL, Supt.,    )
  Mountainview Correctional  )
  Institution,               )
    Respondent.              )
_____)

**THIS MATTER** comes before the Court on Petitioner's letter-motion seeking reconsideration of the dismissal of his § 2254 Petition, filed March 31, 2009 (document # 5).

According to the record, using the so-called "mailbox rule" as first articulated in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), Petitioner filed his § 2254 Petition in this Court on March 13, 2009 (document # 1). A certain document which Petitioner filed along with that Petition led this Court to conclude that the State Court Judgment which he was seeking to challenge was entered on June 29, 2006. Petitioner's Petition further reflected that he had not appealed his conviction or sentence, rendering his Judgment final as of July 13, 2006. Based upon that information, this Court determined that Petitioner's one-year federal <u>habeas</u> deadline expired on July 13, 2007; and that he did not commence his pursuit

of collateral review for that case until August 27, 2008. Under those circumstances, this Court concluded that Petitioner's § 2254 Petition was time-barred because it was filed outside his one-year deadline and, despite having been given an opportunity to do so, he failed to articulate an excuse for his delay.

By the instant letter-motion, Petitioner informs the Court that the document which he filed as an attachment to his § 2254 Petition -- the MAR Court's Order denying his motion -- "was designed to deceive and mislead this Honorable Court" in that it erroneously reported that his Judgment of conviction was entered on June 29, 2006 when, in fact, it was not entered until roughly 16 months later on September 4, 2007.[1] That having been the case, Petitioner contends that he is entitled to reconsideration because his § 2254 Petition could not have been time-barred when he filed it here on March 13, 2009. That is, Petitioner asserts that his conviction and sentence became final on September 18, 2007; that he initiated collateral review on August 24, 2008; that he concluded collateral review on February 25, 2009, when his second <u>certiorari</u> petition was denied by the Supreme Court of North Carolina; and that he filed his federal Petition within days of the Supreme Court's denial of his petition. However, the Court carefully has reviewed Petitioner's assertions and has found no reason to disturb

---

[1] Petitioner's contention that the MAR Court's Order erroneously reported his Judgment date is confirmed by the Judgment and Commitment form and the Transcript of Plea form, both of which reflect a conviction and Judgment date of September 4, 2007.

its earlier determination.

Using the information that Petitioner provides, the Judgment in question was entered on September 4, 2007 and, in the absence of an appeal, became final on September 18, 2007. Thereafter, Petitioner allowed 343 of his 365-day limitation period to pass before he filed his MAR on August 27, 2008. Once Petitioner's MAR was denied, he properly sought <u>certiorari</u> review in the State Court of Appeals; however, that petition was denied on December 1, 2008, and his period of collateral review was concluded. Although Petitioner inexplicably contends that his second <u>certiorari</u> petition -- the one he filed in the State Supreme Court -- also should be included in his one-year calculations, he is mistaken.

Indeed, Petitioner's <u>certiorari</u> petition was not a "properly filed" petition as contemplated under 28 U.S.C. § 2244(d)(2); therefore, it was incapable of tolling his one-year limitations period because the State Supreme Court lacked jurisdiction to entertain that petition. That is, under North Carolina law, only the North Carolina Court of Appeals has authority to review the denial of an MAR in a non-capital case. <u>See</u> N.C.R. App. P. 21(e) (In non-capital cases, <u>certiorari</u> petitions "shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for <u>certiorari</u> or petitions for further discretionary review in these cases"); N.C.G.S. § 7A-28(a) ("Decisions of the Court of Appeals upon review of motions for

appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, verification, writ or otherwise.").

Based upon the foregoing, once Petitioner filed his MAR on August 24, 2008, the remaining 22 days of his one-year limitations period remained tolled until December 1, 2008, when the State Court of Appeals denied his properly filed <u>certiorari</u> petition. Petitioner then had until December 23, 2008, in which to file the instant Petition; therefore, his Petition was time-barred when he filed it on March 13, 2009. Equally critically, Petitioner's letter-motion does not attempt to articulate any other basis, including equitable tolling, upon which the Petition could have been construed as timely filed. Therefore, his request for reconsideration must be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's letter-motion requesting reconsideration (document # 5) is **DENIED.**

**SO ORDERED.**

Signed: September 23, 2009

Graham C. Mullen
United States District Judge

4